No. 22-10831

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

In the Matter of Highland Capital Management, L.P.,

Debtor.

THE DUGABOY INVESTMENT TRUST,

APPELLANT

V.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

APPELLEE

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS, HON. KAREN GREN SCHOLER
CASE NO. 3:21-CV-2268-S

HIGHLAND CAPITAL MANAGEMENT, L.P.'S
SUR-REPLY TO THE REPLY BRIEF OF APPELLANT,
THE DUGABOY INVESTMENT TRUST

PACHULSKI STANG ZIEHL
& JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that:

(a)   There are no other debtors associated with this bankruptcy case other than Highland Capital Management L.P., and there are no publicly-held corporations that own 10% or more of Appellee Highland Capital Management L.P., which is not a corporation and which is not a parent corporation;

(b)   That the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.   **Appellant:**
     **The Dugaboy Investment Trust**

     Counsel for the Dugaboy Investment Trust:

     HELLER, DRAPER & HORN, L.L.C.
     Douglas S. Draper
     650 Poydras Street, Suite 2500
     New Orleans, LA 70130
     Telephone: (504) 299-3300

2.   **Appellee (Debtor):**
     **Highland Capital Management, L.P.**

     Counsel for Appellee:

     PACHULSKI STANG ZIEHL & JONES LLP
     Jeffrey N. Pomerantz
     10100 Santa Monica Blvd., 13th Floor
     Los Angeles, CA 90067
     Telephone: (310) 277-6910

PACHULSKI STANG ZIEHL & JONES LLP
John A. Morris
Gregory V. Demo
780 Third Avenue
34th Floor
New York NY 10017-2024
Tel: (212) 561-7700

HAYWARD PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

3.  **Litigation Trustee:**
    **Marc S. Kirschner**

    Counsel for Litigation Trustee:

    SIDLEY AUSTIN LLP
    Paige Holden Montgomery
    Juliana L. Hoffman
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas 74201
    Tel: (214) 981-3300

    SIDLEY AUSTIN LLP
    Matthew A. Clemente
    Dennis M. Twomey
    Alyssa Russell
    One South Dearborn Street
    Chicago, Illinois 60603
    Tel: (312) 853-7000

iii

**HAYWARD PLLC**

*/s/ Zachery Z Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Appellee*

iv

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT ....................................................................................................3

    A.    Dugaboy's Assertions Concerning the Debtor's Compliance with the Bankruptcy Rules Are Verifiably False ..................................3

    B.    The Reply Establishes that Dugaboy's Rule 2015 Motion Was Filed for an Improper Purpose ..........................................................9

    C.    The Kirschner Lawsuit Does Not Make Dugaboy a "Person Aggrieved" Under Rule 2015.3 ........................................................11

    D.    Dugaboy's Speculation About Asset Values Does Not Make It a "Person Aggrieved" .........................................................................12

CONCLUSION ...............................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Butler v. Soc. Sec. Admin.*,
  146 F. App'x 752 (5th Cir. 2005)................................................................ 11, 12

*Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P.*,
  22-10189 (5th Cir. Jan. 11, 2023) .................................................. 8, 12

*In re Highland Capital Management, L.P.*,
  Case No. 19-34054-sgj11 ........................................................................3

*Jones v Cain*,
  600 F.3d 527 (5th Cir. 2010) ........................................................ 11, 12

*NexPoint Adv. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
  48 F.4th 419 (5th Cir. 2022)............................................................1, 3

*NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP*,
  Case No. 22-10575 ..................................................................................7

## OTHER AUTHORITIES

Pub. L. No. 109-8 § 409(b), 119 Stat. 23, 109 (2005)...............................9

## RULES

Fed. R. Bankr. P. 2015.3 ................................................................ passim

Fed. R. Bankr. P. 2015.3(b) ......................................................................5

DOCS_NY:46983.4 36027/003

Appellee Highland Capital Management, L.P. (the "<u>Debtor</u>" or "<u>Reorganized Highland</u>," as applicable) hereby files this sur-reply (the "<u>Sur-Reply</u>") to the *Reply Brief of Appellant, The Dugaboy Investment Trust* [Document: 00516578672] (the "<u>Reply</u>") filed by The Dugaboy Investment Trust ("<u>Dugaboy</u>").[1]

## **<u>PRELIMINARY STATEMENT</u>**[2]

1.     In its Reply, Dugaboy—which holds no claims against the Debtor or Reorganized Highland and whose only interest is a 0.1866% contingent, unvested, subordinated equity interest in the Claimant Trust—makes verifiably false and inflammatory statements and advances new arguments that either (a) establish that its Rule 2015.3 Motion was filed for an improper purpose, or (b) fail to prove that Dugaboy is a "person aggrieved" for purposes of this appeal.

2.     This appeal—and the Reply, in particular—are emblematic of Mr. Dondero's decade-long use of litigation as a weapon to extract revenge or forestall the obtaining or enforcement of judgments, a "strategy" that caused Highland's bankruptcy and that continues to plague its aftermath.[3]

---

[1] This Sur-Reply is filed pursuant to this Court's *Order* dated January 12, 2023 [Docket No. 39] and entered in connection with *Highland's Motion to Strike Reply Brief of The Dugaboy Investment Trust or for Alternative Relief* (the "<u>Motion to Strike</u>") [Document 00516596871].

[2] Capitalized terms in this Preliminary Statement shall have the meanings ascribed to them below.

[3] *See NexPoint Adv. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 426, 428 (5th Cir. 2022) (discussing Mr. Dondero's intent to "'burn the place down'" because he did not get his way and citing to the Bankruptcy Court's observations that Mr. Dondero is a "serial litigator" who created a "culture of litigation" before Highland was forced to seek bankruptcy protection).

3.     For the reasons set forth below, this Court should reject Dugaboy's unwarranted, irresponsible, and verifiably false attacks on the Debtor, Reorganized Highland, their professionals, and the judiciary.

4.     Separately, the Reply betrays that Dugaboy filed the Rule 2015.3 Motion in an improper attempt to obtain information that it could use to manufacture claims against Reorganized Highland and its fiduciaries, rather than for legitimate purposes.  If Dugaboy was genuinely interested in using Rule 2015.3 for its intended purpose, it (a) would never have waited 18 months (and almost three months after the Bankruptcy Court issued its order confirming the Debtor's Plan) to file its Rule 2015.3 Motion, and (b) would have sought the same information in connection with the broad discovery it took in support of its objection to the Debtor's plan.

5.     Finally, as discussed below, Dugaboy's newest arguments fail to establish that Dugaboy has standing to prosecute this appeal and should be rejected as procedurally improper or otherwise lacking in merit.

6.     Given the circumstances, the Rule 2015.3 Motion was unnecessary, and Dugaboy's continued pursuit of this appeal is nothing less than a regrettable waste

of judicial and estate resources.  It should be dismissed. Dugaboy is plainly not a "person aggrieved" and lacks standing to pursue this appeal.[4]

## ARGUMENT

### A.    Dugaboy's Assertions Concerning the Debtor's Compliance with the Bankruptcy Rules Are Verifiably False[5]

7.    There is a difference between zealous advocacy and the assertion of contrived grievances masquerading as "facts."  In its Reply, Dugaboy baselessly contends it is "undisputed" that Highland has publicly disclosed "hardly any information" thereby allowing "Highland and its professionals to pilfer the estate" while "the courts" sat idly by doing nothing:

> it is undisputed that, to this day, ***Highland has not publicly disclosed hardly any information*** regarding transactions entered into by the company (or its subsidiaries or managed entities) during bankruptcy, its cash flow, its liabilities, or the mix of assets held by Highland, its subsidiaries, and its managed entities. The result is that the bankruptcy of an SEC-regulated entity with a large volume of assets under management has been ***a black box, allowing Highland and its professionals to pilfer the estate*** for tens of millions of dollars while

---

[4] As part of their "bankruptcy-law blunderbuss," Mr. Dondero and his affiliates argued that the Debtor's failure to comply with Rule 2015.3 barred confirmation of the Debtor's Plan.  This Court rejected that argument, ruling that the appellants' "attempt to tether the rule to the bankruptcy trustee's general duties lacks any legal basis." *NexPoint Advisors*, 48 F.4th at 432-34.

[5] This section of the Sur-Reply relies exclusively on documents that were filed on the main docket in the underlying bankruptcy case, *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11, and are cited as "Bankr. Docket No. __."  Instead of burdening the Court with a motion for leave to supplement the record, Highland respectfully requests that the Court take judicial notice of any documents lodged on the Bankruptcy Court's docket.  Copies of each of the documents cited in this section of the Sur-Reply are attached to the *Affidavit of John A. Morris in Support of Highland Capital Management, L.P.'s Motion to Strike Reply Brief of The Dugaboy Investment Trust or for Alternative Relief* (the "Affidavit") [Document 00516596871]; the Court may find it convenient to refer to that Affidavit.

3

hiding behind the protection of ***the courts that have done nothing*** to ensure basic compliance with the bankruptcy rules. Nothing in the Answering Brief filed by Highland changes these ***facts***.

Reply at 2 (emphases added).

8.     This statement is verifiably false. With the ***exception*** of the Rule 2015.3 reports, Highland has complied with ***all*** of its disclosure obligations by publicly filing the following documents (collectively, the "<u>Required Public Disclosures</u>"):

- In December 2019, ***the Debtor filed its Original Schedules (which were later amended)***, which included, among other things, itemized lists of Highland's assets and liabilities;[6]

- In December 2019, ***the Debtor filed its Statement of Financial Affairs***, which included, among other things, information concerning then-current and historical revenues and itemized lists of prepetition transfers, legal actions, payments concerning the bankruptcy, and the Debtor's connections to any business;[7]

- In November 2020, ***the Debtor filed, and the Court approved, its Disclosure Statement***, which, among other things, disclosed how the Debtor's assets would be marshalled and made available to holders of allowed claims after the payment of estate expenses and the creation of reserves needed to satisfy indemnity obligations;[8]

- From the Petition Date through the Confirmation Hearing, ***the Debtor filed all of its Monthly Operating Reports***, which included, among other things, comparative balance sheets, income statements, and

---

[6] Bankr. Docket Nos. 247 and 1082. *See also* Affidavit, Exhibits 4 and 6.

[7] Bankr. Docket No. 248. *See also* Affidavit, Exhibit 5.

[8] Bankr. Docket No. 1476. *See also* Affidavit, Exhibit 3.

itemized operating expenses (including payments to insiders and professionals);[9]

- Between the Confirmation Hearing and the Effective Date, ***the Debtor filed its Quarterly Reports***, which included, among other things, summaries of cash receipts and disbursements and bank reconciliations;[10] and

- Since the Effective Date, ***the Reorganized Highland and the Claimant Trust have filed all of their Post-Effective Date Reports***, which included, among other things, summaries of post-confirmation transfers, itemized statements of professional fees approved and paid, and claims information, including the total amount of allowed claims and the amounts paid on such claims.[11]

9.     While Dugaboy contends that Highland's bankruptcy case is a "black box," it did not (and could not) identify ***any*** disclosure rule, law, order, or regulation with which Highland did not comply, other than Rule 2015.3.[12]

---

[9] Bankr. Docket Nos. 82, 405, 289, 418, 497, 558, 634, 686, 800, 913, 1014, 1115, 1329, 1493, 1710, 1949, and 2030. *See also* Affidavit, Exhibits 7 through 23. Monthly operating reports are mandated by the *Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11* promulgated by the Office of the United States Trustee (28 C.F.R. § 58.8; 85 Fed. Reg. 82905 (Dec. 21, 2020)), and its predecessor rules (collectively, the "UST's Reporting Procedures"). As the Bankruptcy Court docket shows, the Debtor filed all required Monthly Operating Reports.

[10] Bankr. Docket Nos. 2273 and 2629. *See also* Affidavit, Exhibits 27 and 28. As the Bankruptcy Court docket shows, and in compliance with the UST's Reporting Procedures, the Debtor filed all required Quarterly Operating Reports.

[11] Bankr. Docket Nos. 3004, 3005, 3200, 3201, 3202, 3325, 3326, 3409, 3410, 3582, and 3583. *See also* Affidavit, Exhibits 29 through 39. As the Bankruptcy Court docket shows, and in compliance with the UST's Reporting Procedures, the Reorganized Highland and the Claimant Trust filed all required Post-Effective Date Reports.

[12] By its terms, Rule 2015.3 only applies until the "effective date of a plan or the case is dismissed or converted." FED. R. BANKR. P. 2015.3(b). Here, Highland's Plan went effective on August 11, 2021, [Bankr. Docket 2700], such that any obligation under Rule 2015.3 ceased as of that time.

10.   The quoted statement is also false because Highland and the Official Committee of Unsecured Creditors (the "Official Committee")—a statutorily created estate fiduciary whose members held in excess of 72% of all allowed claims in this case—agreed to unique operating protocols (the "Operating Protocols") that limited the Debtor's ability to (a) purchase, sell, transfer, or assign assets, (b) fund affiliates, (c) fund capital calls, (d) lend or borrow money, and (e) create a security interest without disclosure to (and, in certain cases, the consent of) the Official Committee.[13]   Thus, in addition to the Required Public Disclosures, the Official Committee was given extra information—the substance of which *vastly* exceeded anything required by Rule 2015.3 or otherwise—concerning asset dispositions and certain approval rights.  Dugaboy's beneficiary, James Dondero ("Mr. Dondero"), knew that the Official Committee was granted these exclusive rights because he personally agreed to the Operating Protocols.[14]   The Debtor complied with the Operating Protocols and the Official Committee never suggested otherwise.

11.   Dugaboy's reckless contention in its Reply that "the courts [] have done nothing to ensure basic compliance with the bankruptcy rules" is also plainly false.

---

[13] Bankr. Docket Nos. 354-1 (Ex. D) and 466.  *See also* Affidavit, Exhibits 1 (Ex. D) and 2.

[14] The Operating Protocols were adopted as part of a broader settlement agreement among the Debtor, the Official Committee, Strand Advisors, Inc. ("Strand") (the Debtor's then-general partner and the entity that controlled the Debtor before the settlement was approved by the Bankruptcy Court), and Mr. Dondero, as the sole shareholder of Strand.  *See* Bankr. Docket No. 339.

6

Again, the Debtor, Reorganized Highland, and the Claimant Trust have complied with *all* disclosure obligations *except* Rule 2015.3.  Moreover, by the time Dugaboy filed its 2015.3 Motion, the Debtor had made all of its Required Public Disclosures, and the Bankruptcy Court had approved the Disclosure Statement, held the Confirmation Hearing, and issued the Confirmation Order.[15]

12.     Dugaboy's assertion that the Debtor's failure to file the Rule 2015.3 reports somehow enabled it and its professionals to "pilfer" the estate is false and indefensible.  Reply at 4; *see also id*. at 5 (asserting that Rule 2015.3 reports are needed to ensure that "assets of the estate and the Claimant Trust are used for the payment of creditors of the estate, rather than to line the pockets of Highland's professionals").  All fees and compensation earned by Highland and its professionals prior to the Effective Date were transparently disclosed in itemized monthly fee applications that were approved by the Bankruptcy Court and that are (regrettably) the subject of an appeal pending in this Court brought by another one of Mr. Dondero's affiliates.  *See NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP*, Case No. 22-10575.

---

[15] Of course, courts generally only act when requested.  There is no dispute that no one—including any individual creditor, the Official Committee, or the Office of the United States Trustee—ever moved to compel Highland to comply with any disclosure obligation until Mr. Dondero's trusts filed their Rule 2015.3 Motion two months after the Confirmation Hearing.  Notably, the Official Committee opposed the 2015.3 Motion (Bank. Docket No. 2343; *see also* Affidavit, Exhibit 40), and no other creditor or party-in-interest joined it.

13.     This Court recently expressed concerns regarding the trajectory of this case and the fees that are being generated.[16]  The Claimant Trust shares that concern. But a review of the Bankruptcy Court, District Court, and Fifth Circuit dockets shows that virtually all fees and compensation incurred since the Debtor's Plan was confirmed in February 2021 relate to defending against Mr. Dondero's relentless (and meritless) litigation and appeals, and prosecuting claims against him and his affiliates to collect on simple promissory notes and other amounts due.  For example, *Mr. Dondero and his surrogates are the appellants in each of the nine appeals filed in this Court*.  Notably, the Claimant Trust is not actively litigating with any person or entity not controlled by Mr. Dondero, such that Mr. Dondero bears almost sole responsibility for the fees and compensation being incurred and the burdens being placed on the judicial system.

14.     The Court should reject Dugaboy's false, unsubstantiated, and unwarranted attacks on the Debtor, Reorganized Highland, their professionals, and the judiciary.

---

[16] The Court expressed these concerns on December 6, 2022, during oral argument on the appeal of the order approving the Indemnity Sub-Trust.  *See Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, 22-10189 (Fifth Circuit).

8

**B.    The Reply Establishes that Dugaboy's Rule 2015 Motion Was Filed for an Improper Purpose**

15.    If anything, the Reply demonstrates that Dugaboy's Rule 2015.3 Motion was filed for an improper purpose.[17]

16.    By its terms, Rule 2015.3 requires semi-annual reports on the "value, operations, and profitability" of privately-held entities in which ***a debtor*** holds a "substantial or controlling interest" (*i.e.*, 20% or more).  As Dugaboy is forced to admit, the purpose of the rule is to "'***ensure that the debtor's interest is used for the payment of*** ***<u>allowed claims</u>*** ***against the debtor***.'"  Reply at 5 (quoting Pub. L. No. 109-8 § 409(b), 119 Stat. 23, 109 (2005)) (emphasis added).

17.    But the Reply makes clear that Dugaboy (which holds no allowed claims) filed the Rule 2015.3 Motion for its own self-interest, not for the collective good:

> [B]ecause Highland never filed the required reports, Dugaboy had (and still has) no information about the entities in which it has or had an ownership interest. That is problematic even today: *if* Highland or any of its professionals acted in a manner detrimental to Dugaboy's ownership interest, Dugaboy's pecuniary interests have been negatively

---

[17] The circumstances surrounding the filing of Dugaboy's original *Motion to Compel Compliance with Bankruptcy Rule 2015.3* (the "2015.3 Motion") provide further evidence that the 2015.3 Motion lacked a legitimate purpose.  It is indisputable that (a) Dugaboy did not file its 2015.3 Motion until April 29, 2021, more than 18 months after the Debtor filed for bankruptcy (on October 16, 2019), and more than two months after the Bankruptcy Court issued its order confirming the Debtor's *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* (the "Plan") (on February 22, 2021 [Bank. Docket No. 1943]); (b) the Official Committee opposed the Rule 2015.3 Motion [Bank. Docket No. 2343]; and (c) no party-in-interest joined in the 2015.3 Motion.

9

affected. In addition, Dugaboy **may have** legitimate, post-petition claims involving those assets.

Reply at 4 (emphases added).

18.    However, contrary to Dugaboy's suggestion, Rule 2015.3 is not intended to be a fishing rod that parties who happen to have an interest in a private entity in which a debtor holds a "substantial or controlling interest" can cast out in the hope of snagging a potential claim.[18]  Indeed, Dugaboy's ownership interest in entities in which it "has or had an interest" is ***irrelevant*** to the application of Rule 2015.3; again, disclosures under that Rule are determined solely with respect to private entities in which ***the debtor*** has a "controlling or substantial" interest.[19]

19.    Dugaboy's motive here conflicts with the stated purpose of Rule 2015.3 because it seeks information to try to manufacture causes of action that it might assert against Reorganized Highland, the Claimant Trustee, and the Claimant Trust's professionals at the expense of all other creditors.  Dugaboy's pecuniary interests cannot be affected by an order pertaining to a rule that was never intended for its

---

[18] *See also Opening Brief of Appellant, The Dugaboy Investment Trust*, Document No. 00516519791 at 8-9 (complaining that the Bankruptcy Court's Rule 2015.3 Order "forecloses any opportunity for Dugaboy to discover claims that it has as a result of post-petition transactions between the Debtor and non-debtor affiliates thereby depriving it of substantive pecuniary rights"), 12-13 (same).

[19] While irrelevant to the application of Rule 2015.3, Dugaboy offers no evidence to support its contention that it has or had an ownership interest in any private entity subject to that rule.

10

personal benefit, a "benefit" that would necessarily come at the expense of holders of senior, allowed claims.

**C.    The Kirschner Lawsuit Does Not Make Dugaboy a "Person Aggrieved" Under Rule 2015.3**

20.    In its Reply, Dugaboy argues for the first time that it is a "person aggrieved" because it could have used the Debtor's Rule 2015.3 reports to defend against a lawsuit brought by the Trustee of the Litigation Sub-Trust.  Reply at 5-6. Dugaboy's argument should be rejected.

21.    *First*, Dugaboy did not raise this argument in the District Court or in its Fifth Circuit opening brief, and it has therefore been waived.  *See Butler v. Soc. Sec. Admin.*, 146 F. App'x 752, 753 (5th Cir. 2005) ("this court does not consider issues raised for the first time in a reply brief"); *Jones v Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived").

22.    *Second*, there is no dispute that the Kirschner lawsuit was not commenced until October 15, 2021, almost six months after Dugaboy filed its Rule 2015.3 Motion and more than two months after the effective date of Highland's Plan. Dugaboy should not be permitted to establish standing today based on facts that did not exist when it filed its Rule 2015.3 Motion.

23.    For the foregoing reasons, Dugaboy's last-second attempt to latch onto the Kirschner litigation to establish standing should be rejected.

11

**D.**   **Dugaboy's Speculation About Asset Values Does Not Make It a "Person Aggrieved"**

24.     In its Reply, Dugaboy speculates for the first time that it may be a "person aggrieved" because "it is entirely possible (and at this point likely, based on recent distributions to creditors) that the creditors can be paid in full, and that Dugaboy is actually helping to fund the multi-million litigation against it."  Reply at 6.  This argument suffers from various infirmities, including:

- It was improperly raised for the first time in the Reply;[20]

- It is completely speculative;

- There is no evidence in the record to support it;

- Even as alleged, the unsubstantiated, speculative "facts" did not exist at the time Dugaboy commenced this appeal; and

- As this Court has already observed, current asset valuations are irrelevant because distributions to creditors will not be completed until the relentless pursuit of litigation by Mr. Dondero and his surrogates has finally ceased.[21]

---

[20] Like Dugaboy's argument concerning the Kirschner litigation, this speculative argument should be rejected because it was not raised in the District Court or in Dugaboy's opening brief and has therefore been waived.   *See Butler*, 146 F. App'x at 753 ("this court does not consider issues raised for   the first time in   a reply brief");   *Jones*,   600   F.3d   at   541 ("Arguments raised for the first time in a reply brief are generally waived").

[21] *See Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P.*, No 22-10189 (5th Cir. Jan. 11, 2023), Docket No. 90-1 at 14, n.7 (noting that assets in the Indemnity Sub-Trust will not be transferred to the Claimant Trust until "all indemnification rights—which are senior priority obligations to distributions to the Claimant Trust's beneficiaries—have expired . . . ").

25.     Speculative and unsubstantiated musings that fail to take into account the priority of distributions (including the priority of indemnification claims) are insufficient to confer standing on Dugaboy and should be rejected.

## CONCLUSION

**WHEREFORE**, Reorganized Highland respectfully requests that the Court (a) dismiss this appeal on the ground that Dugaboy is not a "person aggrieved" and therefore lacks standing to pursue it, and (b) grant such other and further relief as the Court deems just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

Dated:  January 23, 2023.

**HAYWARD PLLC**

*/s/Zachery Z Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

-and-

**PACHULSKI STANG ZIEHL &
JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
John Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
              ikharasch@pszjlaw.com
              jmorris@pszjlaw.com
              gdemo@pszjlaw.com

*Counsel for the Appellee*

14

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)</u>

1.    This document complies with the word limit of Federal Rule of Appellate Procedure 32(a)(7)(b) because, including footnotes and excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,342 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point for footnotes).

3.    Any required privacy redactions have been made pursuant to Circuit Rule 25.2.13, the electronic submission is an exact copy of the paper submission, and this document has been scanned for viruses and is free of them.

*/s/ Zachery Z. Annable*
Attorney for Appellee
Dated: January 23, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2023, the foregoing Sur-Reply was electronically filed using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

*/s/Zachery Z. Annable*
Attorney for Appellee